CARROLL, Judge.
On June 24, 1969, a contract was entered into between Theodore A. Goldstein, “Trustee and/or Assigns,” and University *909 Federal Savings and Loan Association of Coral Gables, under which sale was made by the latter to the former of certain real estate for a price of $292,000, with a down payment of $25,000, and provision for deferred payment of the balance. Thereunder the purchaser agreed to construct a building, and to lease a portion to the seller for its building and loan business, with an option to the lessee to repurchase said premises on certain terms. It was agreed the construction should commence within 120 days after receipt of approved architectural plans. Additionally it was provided as follows:
“In the event construction has not begun within the time limitations as set forth above, then, and in that event, unless the seller has extended the time in writing to the purchaser which the seller agrees to do, if the purchaser has been conscientious and diligent in attempting to comply with the said dates, the purchaser hereby agrees to redeliver, by deed, to the seller the subject property herein, transferring title to the seller and the seller shall return all monies paid hereunder, except the sum of Twenty-Five Thousand Dollars ($25,000.00) which shall be considered as liquidated damages hereunder.”
Thereafter, on April 1, 1970, University Development, Ltd., which appears to have taken title as the nominee or assignee of the above named purchaser, and a partnership doing business under the name First Imperial Company, entered into a 22 page contract for the financing and development of a multi-story office building on the property, as a joint venture. In the latter contract it was provided that if the development should not take place, for one of a number of reasons there listed, the parties to the joint venture contract would not be required to proceed further thereunder, and it was provided, applicable in that circumstance : “In addition to the monies expended by Imperial if University shall re-convey the property to the bank and pay a penalty, then Imperial agrees it shall be responsible for one-half of the penalty payable to the bank not to exceed, however, the sum of $12,500.00.” The development contemplated by those documents did not take place. For that reason the purchaser reconveyed the property to the seller, and pursuant to the provision of the sale contract in such event the seller retained $25,000 previously paid by the purchaser.
Thereafter University Development, Ltd. filed this action against the partners comprising First Imperial Company, for recovery of one-half of the $25,000 thus retained by the seller as liquidated damages. A motion of the plaintiff for summary judgment was granted as to liability, the court determining that the damages to be paid by the defendants should be measured against the actual damages sustained by the seller. The defendants filed an interlocutory appeal from the partial summary judgment on liability. The plaintiff cross-assigned as error the failure of the court to grant summary judgment for damages of $12,500, representing one-half of the stipulated damages or penalty paid to the seller.
The appellants argue that by complying with that feature of the sale contract, and not seeking to evade it by claiming it was improper as a penalty and did not represent actual damages, the appellee was guilty of a breach of duty toward the appellants as its joint adventurer. That contention is without force here because the agreement of the appellants which forms the basis of their liability in this connection was made with reference to that penalty type payment and in contemplation thereof. With knowledge of the terms of the sale contract, the appellants expressly agreed that if the property was reconveyed to the bank the appellants would be “responsible for one-half of the penalty payable to the bank,” (not to exceed $12,500).
The partial summary judgment in favor of the plaintiff on liability is affirmed. In view of the clear wording of the undertaking of the appellants to be responsible to the appellee for one-half of the ($25,000) *910 payment to the bank upon reconveyance of the property, the trial court should have held, on the plaintiff’s motion for summary judgment, that plaintiff was entitled to recover from the defendants the sum of $12,500 representing one-half of the said penalty or damages retained by the bank, and such amount should be included in the judgment ultimately entered in favor of the plaintiff, together with any other sums which should be proved by the plaintiff to be due from the defendants.
It is so ordered.